<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERTA HENRY, individually and on behalf of a Class of other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS HOLDING COMPANY,<br><br>    Defendant. | **Civil Action No. 14-2979 (SRC)**<br><br>**OPINION & ORDER** |

<u>**CHESLER**</u>, <u>District Judge</u>

This matter comes before the Court on Plaintiff's motion for conditional certification of her Fair Labor Standards Act ("FLSA") claim as a collective action. Defendants have opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will deny Plaintiff's motion.

In relevant part, the FLSA authorizes an employee to pursue a civil action to recover unpaid overtime on her own behalf as well as on behalf of other employees who are "similarly situated." 29 U.S.C. § 216(b). A FLSA collective action allows individuals who are similarly situated to the named plaintiff to opt in to the action by filing a written consent with the Court. <u>Id.</u> District courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b). <u>Symczyk v. Genesis Healthcare Corp.</u>, 656 F.3d 189, 194 (3d Cir. 2011), <u>rev'd on other grounds</u>, 133 S. Ct. 1523 (2013).

In <u>Symczyk</u>, the Third Circuit established a two-stage approach to the certification process in a FLSA collective action:

> In deciding whether a suit brought under § 216(b) may move forward as a collective action, courts typically employ a two-tiered analysis. During the initial phase, the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff. if the plaintiff carries her burden at this threshold stage, the court will "conditionally certify" the collective action for the purposes of notice and pretrial discovery.

<u>Id.</u> at 192.  At the first stage, the plaintiff must make a "modest factual showing" for conditional certification to be granted.  <u>Id.</u> at 193.  "Under the 'modest factual showing' standard, a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees."  <u>Id.</u>  The Second Circuit has similarly held: "The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 555 (2d Cir. 2010).

Plaintiff helpfully summarizes her factual showing as follows:

- In early December 2013, Express Scripts decided to reclassify 170 employees, including Plaintiff, as non-exempt . . .

- Express Scripts did not review the job duties that these employees performed during the prior three years . . .

- The Company did not pay back overtime wages to any of the 170 reclassified employees . . .

(Pl.'s Br. 12-13.)  These facts do not satisfy the requirement for a modest factual showing.  The problem is that there is nothing about these facts to suggest that any of the reclassified employees were victims of a common policy or plan that evaded the law.  Breaking this down further, there are no facts suggesting that: 1) the previous classifications as exempt were

incorrect at the time; or 2) the previous classifications as exempt originated in a common policy, such that the those misclassified are similarly situated; or 3) that the previous classifications as exempt resulted in FLSA violations. It is not possible to infer any FLSA violations from these facts. Reclassification, alone, does not evidence a FLSA violation.

In Zavala v. Wal-Mart Stores Inc., 691 F.3d 527, 536 n.4 (3d Cir. 2012), the Third Circuit, albeit in dicta, shed additional light on the two-stage certification process by citing approvingly the Second Circuit's decision in Myers: "The Second Circuit has described this initial step as determin[ing] whether 'similarly situated' plaintiffs do in fact exist." 624 F.3d at 555. Based on the present record, this Court is not persuaded that similarly situated plaintiffs exist. Plaintiffs have pointed to no evidence that a common policy or plan violated the law. In fact, they have pointed to no common policy or plan that could possibly be viewed as violating the FLSA.

Plaintiff has failed to make the modest factual showing required to grant the conditional certification motion. The motion for conditional certification will be denied.

For these reasons,

**IT IS** on this 24th day of February, 2015

**ORDERED** that Plaintiff's motion for conditional certification (Docket Entry No. 19) is **DENIED**.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge